NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

BARBARA CAMACHO, *Petitioner/Appellant*,

*v.*

TORI BREWER, *Respondent/Appellee*.

No. 1 CA-CV 26-0072 FC

FILED 07-27-2026

Appeal from the Superior Court in Maricopa County
No. FC2025-002448
The Honorable Marischa Hope Gilla, Judge

**AFFIRMED**

APPEARANCES

Barbara Camacho, Tucson
*Petitioner/Appellant*

---

**MEMORANDUM DECISION**

---

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Angela K. Paton joined.

---

**B R O W N**, Judge:

¶1 Barbara Camacho appeals from the superior court's denial of her petition for in loco parentis visitation. For the reasons below, we affirm.

## BACKGROUND

¶2 Camacho and Tori Brewer ("Mother") were in a domestic relationship for about seven years. Mother was pregnant when the relationship began, and Camacho was present at the birth of Mother's child ("Child") in December 2017. Although the parties never married, Camacho considered Child to be her own child. Camacho asserts she provided for Mother and Child financially during the relationship and she stands in loco parentis as Child's parent.

¶3 The parties' relationship ended in 2024. Mother then refused Camacho's requests to spend time with Child. Camacho petitioned the superior court for in loco parentis visitation. The court held an evidentiary hearing in December 2025, where each party testified, and Camacho presented letters, pictures, and videos in support of her petition. In its written ruling, the court denied Camacho's visitation request.

¶4 Camacho timely appealed, and we have jurisdiction under A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

¶5 We review a third-party visitation award for an abuse of discretion, *Flanigan v. Kittelson*, 260 Ariz. 498, 503, ¶ 10 (App. 2025), and view the evidence in the light most favorable to sustaining the superior court's ruling, *In re Marriage of Friedman & Roels*, 244 Ariz. 111, 120, ¶ 41 (2018).

¶6 The superior court may grant visitation rights to a person other than the legal parent "on a finding that the visitation is in the child's best interests" and, as pertinent here, the "child was born out of wedlock

and the child's legal parents are not married to each other at the time the petition is filed." A.R.S. § 25-409(C)(2). The party seeking third-party visitation bears the burden of showing "by clear and convincing evidence that the visitation is in the child's best interests, and the court must find and explain why the fit parent's best-interests determination is incorrect." *Flanigan*, 260 Ariz. at 502, ¶ 2.

¶7            "Parents have a fundamental right, protected by the Fourteenth Amendment, to the 'care, custody, and control of their children.'" *Borja v. Borja*, 254 Ariz. 309, 313, ¶ 8 (App. 2022) (quoting *Troxel v. Granville*, 530 U.S. 57, 66 (2000)). Arizona courts apply a longstanding presumption that a fit parent acts in his or her child's best interests. *See Troxel*, 530 U.S. at 68; *Flanigan*, 260 Ariz. at 503, ¶ 12. And "a parent is presumed to be 'fit' until he or she has been adjudicated unfit." *Marriage of Friedman*, 244 Ariz. at 119, ¶ 33. A court's consideration of a non-parent's visitation request must afford "'some special weight' to a fit parent's determination of whether visitation is in the child's best interest." *McGovern v. McGovern*, 201 Ariz. 172, 177–78, ¶ 18 (App. 2001) (quoting *Troxel*, 530 U.S. at 70). Thus, courts are "not free . . . to simply second-guess the decision of a fit parent as to visitation rights." *Egan v. Fridlund-Horne*, 221 Ariz. 229, 241, ¶ 43 (App. 2009).

¶8            Camacho raises several issues on appeal. First, she argues the superior court misapplied A.R.S. § 25-409 by denying her visitation request despite "undisputed evidence" that she served as Child's parent for most of Child's life and shared a parent-child relationship with Child. Second, she argues the court "improperly gave controlling weight to Mother's wishes as a fit parent" without analyzing Child's best interests. And third, Camacho claims the court erred by denying her visitation without any finding that she was unsafe or unfit and by failing to explain how severing their established parent-child relationship was in Child's best interests.[1]

---

[1]    Camacho also contends the superior court failed to provide factual findings required under Arizona Rule of Family Law Procedure 82 because the court did not explain its conclusion that she presented "no clear evidence." Because Camacho did not file a motion requesting findings of fact and conclusions of law under that rule, we do not address her contention.

**¶9**          As an initial matter, Camacho has not provided a transcript of the evidentiary hearing,[2] and we "presume the items not included in the appellate record support a trial court's ruling." *Myrick v. Maloney*, 235 Ariz. 491, 495, ¶ 11 (App. 2014). We also note that Mother failed to file an answering brief, which we may treat as a confession of error. *See In re Marriage of Diezsi*, 201 Ariz. 524, 525, ¶ 2 (App. 2002). But we decline to do so here because a child's best interests are involved. *Id*.

**¶10**          Section 25-401(1) defines "[i]n loco parentis" as "a person who has been treated as a parent by a child and who has formed a meaningful parental relationship with a child for a substantial period of time." The record supports the superior court's conclusion that Camacho "acted as a parental figure for" Child, and that she "has a close historical relationship with [Child], and that for the first 6-7 years of [Child's] life she acted in a parental role."

**¶11**          Despite that conclusion, the court found that Mother "is a fit parent," and as such, is entitled to the presumption that she acts in furtherance of Child's best interests. The court then afforded Mother's decision to bar contact between Camacho and Child "special weight consideration." It analyzed the requisite factors under A.R.S. § 25-409(E), found that Mother objected to visitation in good faith and was "not acting to punish [Camacho] for the end of their romantic relationship." The court concluded that Camacho had not established, by clear and convincing evidence, that visitation was in Child's best interests.

**¶12**          Given the limited record before us, which does not include a transcript of the evidentiary hearing, Camacho has not shown the superior court abused its discretion in denying her request for in loco parentis visitation.

---

[2]          Camacho filed a motion to accept a narrative statement in lieu of a transcript under ARCAP 11(d). But an "appellant must file the narrative statement . . . within 30 days after filing the notice of appeal," and Camacho's motion was untimely. ARCAP 11(d). Therefore, we do not consider it.

## CONCLUSION

¶**13**     We affirm.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:          JR